UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TYLER PATTERSON,<br>          Appellant, | DOCKET NUMBER<br>CH-0752-21-0333-I-2 |
| v. | |
| DEPARTMENT OF<br>     TRANSPORTATION,<br>          Agency. | DATE: August 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ricardo J.A. Pitts-Wiley, Esquire, Washington, D.C., for the appellant.

Dolores Francis and Eugenia Jackson, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1   The appellant has filed a petition for review of the initial decision, which sustained his chapter 75 demotion from a GS-15 Supervisory Compliance Investigator with the agency's Pipeline and Hazardous Materials Safety Administration (PHMSA), to a GS-14 Senior Advisor. *Patterson v. Department*

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

*of Transportation*, MSPB Docket. No. CH-0752-21-0333-I-1, Initial Appeal File (IAF), Tab 6 at 14, 18-21. On petition for review, the appellant challenges the administrative judge's findings concerning the agency's charges, his affirmative defenses of harmful procedural error, due process violations, and equal employment opportunity (EEO) retaliation, and the reasonableness of the agency's penalty. Petition for Review (PFR) File, Tab 1 at 5-22.[2] Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as

---

[2] In support of his claim of harmful procedural error, the appellant presents for the first time on review a PHMSA policy, which he alleges the agency violated. PFR File, Tab 1 at 5-7, 25-37. The Board generally will not consider evidence or argument submitted for the first time with a petition for review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 34 n. 10; *Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 15. Here, the appellant has not shown that the policy was unavailable below despite his due diligence. In addition, the Board will not grant a petition for review absent a showing that the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *See Spivey*, 2022 MSPB 24, ¶ 15; *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Assuming arguendo that the agency violated the policy in conducting its investigation, the appellant has not proven that such error was harmful, i.e., that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See* 5 C.F.R. § 1201.4(r).

expressly MODIFIED to find that the appellant engaged in protected activity, we AFFIRM the initial decision.

¶2 The administrative judge identified the following two allegedly protected activities as the bases for the appellant's EEO retaliation claim: (1) he was identified as a responsible management official (RMO) in an EEO complaint; and (2) he granted a subordinate's reasonable accommodation request for full-time telework. *Patterson v. Department of Transportation*, MSPB Docket. No. CH-0752-21-0333-I-2, Appeal File (I-2 AF), Tab 10, Initial Decision (ID) at 37; IAF, Tab 22 at 84-86, Tab 23 at 100-03. The administrative judge found that neither the appellant's status as an RMO nor as an individual who decided to grant a request for reasonable accommodation was protected EEO activity. ID at 38-39.

¶3 However, concerning the first basis for his claim, the appellant argues that it was his EEO affidavit or testimony, completed as an RMO, and not his status as an RMO, that constituted protected EEO activity. PFR File, Tab 1 at 14. As the appellant raised this argument below, we will consider it on review. I-2 AF, Tab 6 at 16-17, 40-41; IAF, Tab 20 at 18-19. The participation clause of Title VII's anti-retaliation provision protects participation in Title VII proceedings without restriction and does not turn on the substance of the testimony. 42 U.S.C. § 2000e–3(a); *Glover v. South Carolina Law Enforcement Division*, 170 F.3d 411, 414 (4th Cir. 1999); *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185 (11th Cir. 1997) (finding that the protections of the participation clause applied to deposition testimony reluctantly given). The prohibited personnel practice at 5 U.S.C. § 2302(b)(1)(A) incorporates this prohibition. *See Marable v. Department of the Army*, 52 M.S.P.R. 622, 629 (1992). Thus, we modify the initial decision by finding that the appellant engaged in protected EEO activity by completing an affidavit or testifying in Title VII proceedings as an RMO. Hearing Transcript – Day 4 (HT-4) at 132-33 (testimony of the appellant).

¶4        However, to prove an affirmative defense of retaliation for EEO activity protected under Title VII, an appellant must show that the prohibited consideration was at least a motivating factor in the agency's action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-22, 30. An appellant may prove a claim of retaliation under Title VII through direct evidence, circumstantial evidence, or some combination of the two. *Id.*, ¶ 24. Here, there is no indication that the allegedly retaliatory agency officials were motivated to discipline the appellant because of his protected EEO activity.

¶5        The appellant points to a note by the proposing official, in a removal action request to Employee Relations/Labor Relations, that the appellant's "past history" included "verbal counseling due to [the] settlement of the [] EEO case" in August 2020. IAF, Tab 23 at 190. We disagree with the appellant that this statement evidences a retaliatory motive prohibited by Title VII, because it most likely relates to the appellant's underlying conduct that precipitated the EEO complaint rather than the protected EEO activity. Hearing Transcript – Day 1 (HT-1) at 194 (testimony of the proposing official). The U.S. Court of Appeals for the Eleventh Circuit has explained that the anti-retaliation provision in Title VII does not prohibit an employer from imposing discipline on an employee who discriminates against other employees, either because justice demands it, or to minimize future liability. *Merritt*, 120 F.3d 1181, 1188-89. The appellant also alleges, however, that the proposing official informed him during the verbal counseling session that one of his answers to a question from the EEO investigator harmed the agency's defense, forcing the agency to reach a settlement agreement, and that his second-level supervisor/the deciding official felt that the appellant was responsible for the response at issue. IAF, Tab 20 at 19; I-2 AF, Tab 6 at 16, 41. While such a statement might suggest retaliatory animus based on protected EEO activity, the appellant presents insufficient evidence to show that the proposing official made this statement as alleged. *See* HT-1 at 194 (testimony of the proposing official that he told the appellant, "whatever you did that brought this

on, don't do it again," concerning the accusations in the EEO complaint); HT-4 at 94, 96-97 (testimony of the appellant that the proposing official advised him not to have so many complaints in the region, which he interpreted as "some vague, general, you know, make people happy, directive," and that he did not remember any reference to the specific EEO complaint in the verbal counseling session). Furthermore, the deciding official testified that he did not recall if the proposing official counseled the appellant regarding the settlement, and he did not hold the appellant responsible because "the agency settles for any number of reasons." HT-1 at 98 (testimony of the deciding official).

¶6      Thus, we find that the appellant has not shown that any official involved in the demotion decision considered any matter prohibited under Title VII. We have considered the timing of the verbal counseling session in August 2020—just one month prior to the initiation of the agency's investigation into alleged misconduct by the appellant—but do not find the timing to be suspicious under the circumstances of this case. HT-1 at 180 (testimony of the proposing official). The agency's investigation was precipitated by a report from the appellant's subordinate that several of her subordinates had been complaining about the appellant's behavior for some time, which is entirely consistent with the subject of the verbal counseling session and does not suggest any new animus. HT-1 at 161-63 (testimony of the subordinate), 180 (testimony of the proposing official). We conclude that the appellant has not shown that his protected EEO activity was a motivating factor in the agency's demotion action. *See Pridgen*, 2022 MSPB 31, ¶¶ 21-22, 30.

¶7      Concerning the second basis for his retaliation claim, the appellant reasserts that he engaged in protected activity by granting a subordinate's reasonable accommodation request. PFR File, Tab 1 at 14; I-2 AF, Tab 6 at 16, 30-35. We assume without deciding that the appellant's action of approving his subordinate's reasonable accommodation request contrary to the instruction of his supervisors was protected activity under the Rehabilitation Act, and that retaliation for such

would be a prohibited personnel practice. 42 U.S.C. § 12203(a)-(b); 29 U.S.C. § 791(f); 5 U.S.C. § 2302(b)(1)(D).[3] To prevail in a claim of retaliation for engaging in activity protected by the Rehabilitation Act, the appellant must show that retaliation was a "but-for" cause of the agency's action. *Pridgen*, 2022 MSPB 31, ¶¶ 44-47; *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 33.

¶8        Here, the appellant has proven, through the testimony of the proposing official, that he was legally entitled to approve the reasonable accommodation request of his subordinate for full-time telework under agency policy. Hearing Transcript – Day 2 (HT-2) at 8 (testimony of the proposing official). Furthermore, he has proven that the proposing official believed that his lawful approval of the reasonable accommodation request was nonetheless deceitful, underhanded, and inappropriate, because the agency had recently denied this employee's request for remote work and had directed her to return to her duty station, and the appellant did not discuss his subsequent approval of her request for full-time telework with his supervisors. IAF, Tab 22 at 63-64; HT-2 at 6-19 (testimony of the proposing official). According to the proposing official, the Administrator of PHMSA was also concerned about the appellant's actions that appeared to be unilateral. HT-2 at 18 (testimony of the proposing official).

¶9        However, we are not persuaded that this evidence is sufficient to establish that the agency would not have demoted the appellant absent his approval of the reasonable accommodation request. *See Pridgen*, 2022 MSPB 31, ¶¶ 44-47. The administrative judge found that the appellant did not establish that the proposing official had animus toward the appellant, and we agree. ID at 42. The proposing official testified that he advocated the appellant's potential for improvement in response to the concerns of the Administrator, changed the approval process for

---

[3] The Rehabilitation Act incorporates by reference the standards of the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, and the Board applies those standards to determine whether there has been a Rehabilitation Act violation. *See* 29 U.S.C. § 791(f); *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 n.3 (2014). The Rehabilitation Act is incorporated under the prohibited personnel practice at 5 U.S.C. § 2302(b)(1)(D).

reasonable accommodation and telework requests, and "moved on" from the reasonable accommodation issue. HT-2 at 12, 14-19 (testimony of the proposing official); IAF, Tab 22 at 118. Furthermore, we find no evidence of a suspicious timing of events: the parties do not appear to dispute that the proposing official became aware of the reasonable accommodation approval in October 2019 but did not initiate the investigation into the appellant's misconduct until September 2020, when ongoing complaints from the appellant's subordinates surfaced. HT-1 at 180; HT-2 at 14-15 (testimony of the proposing official); IAF, Tab 22 at 84-86, 118. As the appellant has not presented any other direct or circumstantial evidence of retaliation by any agency official, we affirm the administrative judge's findings, as modified, that the appellant is not entitled to relief for his Title VII or Rehabilitation Act-based retaliation claims.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.